UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE L. COOPER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:15-CV-443 (CEJ) |
| CHASE PARK PLAZA HOTEL, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to remand, the motion of defendant Chase Park Plaza Hotel, LLC, to strike the amended complaint, and the motion of defendant Angie Owens to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

### I.  Background

Plaintiff Carrie Cooper initiated this action in the state court, asserting claims of employment discrimination in violation of the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.010 *et seq.*[1] Defendant Chase Park Plaza Hotel, LLC, removed the case to this court, invoking jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Missouri; defendant Chase Park is a citizen of Texas, Maryland, and Delaware.

On April 13, 2015, the court entered a Case Management Order, establishing May 15, 2015, as the date by which the parties could amend pleadings or join parties without leave of court. [Doc. #12]. On May 15, 2015, plaintiff filed a motion

---

[1] Plaintiff was employed as a bartender. She alleges that she was terminated for violating "integrity" guidelines governing the handling of financial transactions. Plaintiff alleges that four other female bartenders were terminated for similar offenses, leaving only male bartenders still employed. First Am. Comp. ¶¶26, 31. [Doc. #17].

for leave to amend her complaint to join as defendants Angie Owens, the director of human resources for defendant Chase Park, and ARL SL Management, LLC, (ARL) the entity that allegedly employed plaintiff. In her motion, plaintiff stated that Owens is a citizen of Missouri and that her joinder would destroy diversity jurisdiction. The court granted plaintiff's motion for leave to amend her complaint. Chase Park moved for reconsideration, arguing that plaintiff joined Owens solely for the purpose of destroying diversity jurisdiction and that plaintiff's claims against Owens were time-barred. [Doc. #18]. The court denied the motion to reconsider stating that, because plaintiff sought amendment before the expiration of the date set in the Case Management Order, she had not been required to seek leave in the first instance. [Doc. #20]. The court noted that any deficiencies in the amended complaint could be addressed by an appropriate motion.

## II. Discussion

Where, as here, a plaintiff seeks to add a diversity-destroying defendant to a case that was removed, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Bailey v. Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).

In this case, the court has already granted plaintiff leave to file the amended complaint and so must determine whether it has the authority to reconsider that decision and address the propriety of joinder under § 1447(e). The court finds that authority in Fed.R.Civ.P. 21, which provides that a "court may at any time, on just

2

terms, add or drop a party." The Supreme Court has stated that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 832 (1989); see also Bailey, 563 F.3d at 308 (district court had authority to reconsider order allowing amended complaint that added diversity destroying defendants); Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002) (same). For reasons stated below, Owens is a dispensable party.

In determining whether to permit joinder and remand the action, or to deny joinder under § 1447(e), the court is required to consider "(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether [the] plaintiff has been dilatory in asking for amendment, and (3) whether [the] plaintiff will be significantly injured if amendment is not allowed." Bayer, 563 F.3d at 309 (citations omitted) (alterations in original).

With respect to the first factor, Chase Park asserts that plaintiff named Owens as a defendant solely for the purpose of defeating diversity jurisdiction. On April 2, 2015, plaintiff's counsel told defense counsel Matthew Hill that he intended to amend the complaint to add Owens so that the case could be returned to state court. Decl. Matthew D. Hill ¶4 [Doc. #19-1]. And, on May 12, 2015, plaintiff's counsel left a voice message for defense counsel Mark Feldhaus in which he stated in relevant part, "Essentially what I want to do is . . . get out of federal court." Def. Ex. A (disc) [Doc. #21]. This evidence, which plaintiff does not refute, supports a finding that plaintiff's joinder of Owens was for the purpose of defeating federal jurisdiction.

3

The second factor to consider is whether the plaintiff was dilatory in seeking to amend her complaint. On February 5, 2015, plaintiff initiated this action in the state court, naming Chase Park as the sole defendant. In its notice of removal filed on March 11, 2015, Chase Park stated that it was not plaintiff's employer. Notice ¶18 n.1 [Doc. #1]. It repeated that assertion in its answer on March 18, 2015. On April 9, 2015, plaintiff informed the court that she did not contest the assertion and that she intended to file an amended complaint naming additional defendants and dismissing Chase Park from the case. Joint Prop. Sched. Plan ¶G [Doc.#11]. Nonetheless, plaintiff did not seek leave to amend until May 15, 2015. She offers no explanation for her failure to name the correct defendants until two months after she was notified that she had not properly identified her employer. See Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 792 (8th Cir. 2009) (plaintiffs unreasonably delayed amending complaint to name proper employer after receiving notice and opportunity to amend). This factor weighs against permitting joinder.

The third factor is whether the plaintiff will be significantly injured if joinder is not allowed. Chase Park argues that plaintiff's claims against Owens are time-barred and do not relate back to the original, timely-filed complaint. Owens seeks dismissal of the claims against her on the same basis.

The MHRA provides that an aggrieved person must file a court action within ninety days of the date on which the Missouri Commission on Human Rights issues a right-to-sue notice. Mo.Rev.Stat. § 213.111.1. In this case, the ninety-day period expired on February 18, 2015, well before plaintiff amended her complaint to name Owens. See First Am. Comp. ¶12 (notice issued on November 20, 2014). For equitable tolling to extend a limitations period, a plaintiff must show that the delay

4

in filing was not caused by "bad faith" or less than "reasonable diligence." Koss v. Young Men's Christian Ass'n of Metro. Minneapolis, 504 F. Supp. 2d 658, 661 (D. Minn. 2007); see also Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) ("Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff."). Here, the court has already determined that plaintiff did not exercise reasonable diligence in amending her pleadings and thus she is not entitled to equitable tolling.

The claims against Owens will be deemed timely only if they "relate back" to the initial complaint. An amendment to a pleading relates back to the date of the original pleading when:

> (C) the amendment changes the party . . . against whom a claim is asserted, . . . if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(C). In order to obtain the benefit of the relation-back doctrine, plaintiff must show that the failure to name Owens in the first place was the result of a mistake concerning the identity of the proper party. Sandoval, 578 F.3d at 792; see also Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1 (2000) (Rule 15(c)(1)(C) applies only in cases involving a mistake concerning the identity of the proper party). Plaintiff cannot meet this requirement with respect to Owens, because she identified Owens as the decisionmaker in her initial complaint. See Maurer v. Chico's FAS Inc., No. 4:13CV519 TIA, 2013 WL 6388451, at *5 (E.D. Mo.

5

Dec. 6, 2013) (plaintiff aware of direct supervisors when she instituted the action and thus amended complaint joining them as defendants does not relate back). Plaintiff's claims against Owens are untimely and subject to dismissal. As such, plaintiff will not be prejudiced if she is not allowed to join Owens as a defendant.

All three § 1447(e) factors weigh against permitting plaintiff to join a nondiverse defendant, and her motion to remand will be denied. However, the court's inquiry into subject-matter jurisdiction does not end here. Plaintiff identifies defendant ARL as a limited liability company, but she has not alleged the citizenship of its members. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (for purposes of diversity jurisdiction, citizenship of a limited liability company is determined by citizenship of all of its members). With respect to her own citizenship, plaintiff pleads only that she is a "resident" of Missouri and is silent with respect to where she is a citizen. See Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987) (complaint stating party's place of residence did not establish diversity of citizenship). Plaintiff's first amended complaint thus does not satisfy Fed.R.Civ.P. 8(a)(1) (pleading for relief must contain "short and plain statement of the grounds for the court's jurisdiction). The court will give her an opportunity to amend her complaint to include facts necessary to establish jurisdiction.

For the reasons stated above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #22] is **denied**.

**IT IS FURTHER ORDERED** that the motion of defendant Angie Owens to dismiss [Doc. #30] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Chase Park Plaza Hotel, LLC, to strike first amended complaint [Doc. #24] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **August 17, 2015**, to file an amended complaint alleging facts sufficient to establish jurisdiction.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2015.