UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARRIE L. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-CV-443 (CEJ) |
| vs. ) | |
| ) | |
| CHASE PARK PLAZA HOTEL, LLC ) | |
| ARL SL MANAGEMENT, LLC ) | |
| ) | |
| Defendants ) | |

## SECOND AMENDED COMPLAINT

**COMES NOW**, Plaintiff Carrie L. Cooper, by and through counsel, for her Petition against Defendants states as follows:

## INTRODUCTION

1. Plaintiff, while an employee of Defendants, was subject to unlawful discrimination based upon her sex.

2. Plaintiff seeks compensatory and punitive damages against Defendants pursuant to the Missouri Human Rights Act. Mo. Rev. Stat. § 213.010, et seq.

## PARTIES

3. Plaintiff Carrie L. Cooper is a resident and citizen of the State of Missouri, residing in St. Louis County, Missouri.

4. Defendant Chase Park Plaza Hotel, LLC ("the Chase") is a limited liability company whose sole member is Behringer Harvard Opportunity OP I, LP a Delaware

limited partnership whose only partners are BHO, Inc. a Delaware corporation and BHO Business Trust a Maryland business trust and at all times herein mentioned was doing business under and by virtue of the laws of the State of Missouri and authorized to do general business and does business in St. Louis City under the laws of the State of Missouri and owned the hotel where Plaintiff worked.

5. Defendant ARL SL Management, LLC ("ARL") is a Massachusetts limited liability company authorized to do business in the State of Missouri . Plaintiff has no information as to the members of the limited liability corporation.

6. ARL according to Defendant Chase was the manager hired by Defendant Chase to manage its operations and was the actual employer of Plaintiff.

7. Defendant Chase owns and operates a hotel providing numerous amenities including bars and restaurants located at 212 N. Kingshighway Blvd. in the City of St. Louis, Missouri.

8. At all relevant times, the Chase and ARL were each an "employer" within the meaning of Mo. Rev. Stat. § 213.010(7).

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to Mo. Rev. Stat. § 213.111, et seq., and Article V, § 14(a) of the Missouri Constitution.

10. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 213.111.1 because the unlawful discriminatory practices alleged herein occurred in St. Louis City, and pursuant to Mo. Rev. Stat. § 508.010 in that the cause of action accrued and the Plaintiff was first injured by the wrongful acts of Defendants within St. Louis City.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On July 22, 2014, Plaintiff filed a Charge of Discrimination with the Missouri Commission of Human Rights ("MCHR") alleging sex discrimination.

12. On November 20, 2014, the MCHR issued a notice of right to sue.

13. Plaintiff has brought this action within ninety (90) days of the date of her right to sue letter and within two (2) years of the date of the discriminatory action.

14. It was not until after the litigation was commenced that Plaintiff discovered through information provided by Defendant Chase that ARL was alleged to be an employer of Plaintiff.

15. Plaintiff had no prior knowledge of the corporate and operational structure of The Chase prior to the litigation being instituted; therefore, Plaintiff's lawsuit is timely.

## DEFENDANT'S UNLAWFUL DISCRIMINATORY PRACTICE

16. Plaintiff is forty-year-old female.

17. Plaintiff began working for Defendants as a server at the hotel bar, Café EAU, in the Spring of 2012 and was promoted to bartender approximately one year later.

18. During her work she was routinely commended for her performance by her superiors and was given the promotion referenced above.

19. In May of 2014, Owens the Director of Human Resources for the Defendants Chase/ARL SL called Plaintiff into her office to discuss an alleged Integrity report offense, wherein an Integrity Shopper, a person utilized by Defendants to observe

3

employees as they work and, specifically, how they handle financial transactions according to established guidelines, reported that Plaintiff failed to promptly ring in a specialty drink called a "Mango Sunset" into the computer.

20. Quizzed by Owens at length Plaintiff could not even remember the incident as it had allegedly happened three to four weeks prior to the meeting with Owens.

21. Given the passage of time between the alleged offense and the meeting with Owens Plaintiff believes Owens and the other Defendants contrived this as a pre-text to creating a basis to fire her.

22. Although Plaintiff could not initially recall the alleged offense when confronted by Owens, Plaintiff was told not to do anything further nor respond to respond to the allegations in writing or by email.

23. Plaintiff contacted Owens by phone later that week to offer an explanation once she had remembered what had occurred but Owens was not available to take the call.

24. She explained tin a message left by voice mail to Owens that she had waited to ring in the "Mango Sunset" until later that night because, as a specialty drink, it did not have a button on the computer to ring it up and she did not know the appropriate price to charge at the time.

25. After asking other employees as to the cost of the drink, Plaintiff rang it up for the proper amount.

26. Plaintiff was never confronted about or disciplined by her superiors for any other alleged misconduct prior to or following the alleged "Integrity Offense."

4

27. Owens never discussed with Plaintiff the phone message left with Owens.

28. On June 9, 2013, Owens called Plaintiff into her office and in the presence of a Mr. Rich Richardson, another senior management employee of Defendants, summarily terminated Plaintiff during a meeting in Owens' office, articulating the alleged "Integrity offense" claimed by Owens as the sole grounds for her termination.

29. Owens refused to allow Plaintiff to explain to Mr. Richardson her explanation relating to the alleged Integrity Offense.

30. Rather Owens ended the meeting the Plaintiff and told her she was required to sign a Separation and Release Agreement which had previously been prepared including have been pre-dated and pre-signed by Owens.

31. While pressured to do so by Owens, Plaintiff refused to execute the Separation and Release Agreement.

32. The Separation and Release Agreement was designed to release the Defendant including Owens from any legal liability for Plaintiff's improper termination and to relieve them of legal liability for their illegal acts.

33. Defendants terminated four other female bartenders (Kimberly Applegate, Maggie Driscoll, Rajni Kumar and Sara Bachelor) concurrent to Plaintiff's termination for similar "Integrity Offenses", leaving only male bartenders employed at the Café EAU bar.

34. During the time of Plaintiff's employment, two other, similarly situated, male bartenders were on previous Integrity reports for the same offense but were neither disciplined nor terminated by Defendants.

35. The alleged "Integrity Offense" used to terminate Plaintiff was merely a ruse and served simply as an artifice to fire Plaintiff to accomplish Defendants' illegal objectives.

36. Plaintiff's sex (female) was the motivating factor in the Defendants' decision to terminate Plaintiff. Therefore, Defendants have engaged in unlawful discriminatory practice in violation of Mo. Rev. Stat. § 213.055.

37. As a result of Defendants' unlawful actions described above, Plaintiff has sustained lost wages and benefits of employment and is reasonably certain to sustain additional lost wages and benefits of employment in the future.

38. As the result of Defendants' unlawful actions described above, Plaintiff's honesty and integrity has been unfairly impugned and will impact her ability to obtain future employment.

39. As a further result of Defendants' actions as alleged herein, Plaintiff has incurred and will continue to incur attorneys' fees and costs of litigation.

40. Under Mo. Rev. Stat. § 213.111, Plaintiff is entitled to actual and punitive damages, court costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter Judgment in her favor excess of $25,000.00 and award her: (a) lost wages and lost benefits; (b) punitive damages in amount sufficient to deter Defendants and others from like conduct; (c) attorneys' fees and costs; (d) such other further relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

PLAINTIFF DEMANDS TRIAL BY JURY ON CLAIMS TRIABLE BY JURY.

                        Respectfully submitted,

                        By: /s/ William E. Cooper_____
                        William E. Cooper  #26508MO
                        *Attorney for Plaintiff*
                        9630 Clayton Road
                        Saint Louis MO 63124
                        (314) 581-4091
                        bill@wcooperlaw.com

**CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing was filed electronically with the Clerk of the Court on the 17th day of August 2015, to be served by the operation of the Court's electronic filing system which will send notification to the following persons in accordance with the Federal Rules of Civil Procedure at the email addresses listed below:

    Kenneth C. Brostron
    Mark R. Feldhaus
    Lashly & Baer, P.C.
    714 Locust Street
    St. Louis, Mo. 63101
    314-621-2939
    brostron@lashlybaer.com
    mfeldhaus@lashlybaer.com

    and

    Bobby G. Pryor
    Pryor & Bruce
    302 North Jacinto
    Rockwall, TX 75087
    972-771-3933
    bpryor@pryorandbruce.com

    Attorneys for Defendant Chase Park Plaza Hotel, LLC

                        By: /s/ William E. Cooper_____
                        William E. Cooper #26508MO
                        *Attorney for Plaintiff*